IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO SELDON, et al.          :      CIVIL ACTION
                                :
        v.                      :
                                :
ROBERT GIBBS, et al.            :      NO. 11-6392


MEMORANDUM

McLaughlin, J.                              January 23, 2012

        This lawsuit arises from a car accident.  Plaintiffs
Antonio Seldon and Patricia Williams brought a negligence action
against defendants Federal Bureau of Investigation ("FBI") and
Robert Gibbs in the Court of Common Pleas of Philadelphia.  The
FBI removed to this Court based on the Federal Tort Claims Act
("FTCA"), which is the exclusive remedy for negligence actions
arising from the acts of the federal government and its
employees.  28 U.S.C. § 2679.

        Defendant FBI now moves to dismiss with prejudice all
claims against it for lack of subject-matter jurisdiction because
of the plaintiffs' failure to comply with the jurisdictional
requirements of the FTCA.  The Court will grant the motion.

I.   <u>Factual Background</u>[1]

        The plaintiffs' car collided with that of defendant

Robert Gibbs on the evening of September 25, 2009.  Gibbs was

being pursued by an FBI agent at the time of the accident.[2]

        On February 2, 2011, plaintiffs' counsel mailed two

Standard Form 95 ("SF 95") claim forms to the FBI.  Where the

form requested the amount of the plaintiffs' claim in dollars,

the plaintiffs wrote "to be determined."  The instructions for

the SF 95 warn that failure to specify a sum certain will render

claims invalid and may result in forfeiture of rights.  Pls.'

Opp., Ex. B.

        On March 21, 2011, the FBI requested documentation to

support the personal injury and property damage claims and

alerted the plaintiffs to the missing sum certain figures on

their SF 95 claim forms.  Pls.' Opp., Ex. C ("We are returning

the original SF 95s so you may add the sum certains in blocks

12a, 12b and 12d once you have established them.").

---

        [1] The Court accepts all well-pleaded facts in the
counterclaims as true and draws all reasonable inferences in
favor of the non-moving party, while disregarding any legal
conclusions.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11
(3d Cir. 2009).  Because the current motion to dismiss involves a
factual attack on the Court's subject-matter jurisdiction, the
Court considers the various documents the parties attached to
their pleadings in adjudicating the motion.  <u>See, e.g.</u>, <u>Gould</u>
<u>Elecs. Inc. v. United States</u>, 220 F.3d 169, 177 (3d Cir. 2000).

        [2] The complaint does not plead that defendant Gibbs was an
employee of the federal government at the time of the accident.

In response, on July 12, 2011, the plaintiffs sent a letter to the FBI (hereinafter the "July 12th Letter") specifying that "Mr. Seldon's total medical bills are $23,063.00 and Patricia Williams' total medical bills are $20,290.00 and Ms. Williams' 2004 Hyundai Sonata was a total loss." Pls.' Opp., Ex. D. The plaintiffs did not provide a more specific figure for the loss of the Hyundai.

The FBI responded by once again requesting that plaintiffs provide sum certain figures on the SF 95. Pls.' Opp., Ex. E. On August 10, 2011, the plaintiffs provided medical records and bills to the FBI.[3] Pls.' Opp., Ex. F.

The plaintiffs initiated this action on September 22, 2011, claiming severe injuries, past and future pain and suffering, loss of earning power and capacity, diminution of ability to enjoy life and life's pleasures, future medical expenses, income and wage losses, and property damages. The complaint requested an amount not in excess of $50,000.00 in money damages.

---

[3] The plaintiffs attached as an exhibit only the cover letter indicating that the records and bills were enclosed - not the records themselves. The Court assumes for the purposes of the motion that the medical records and bills were, in fact, provided to the government.

II.  Analysis

       Unless it consents to be sued, the United States is immune from suit as a sovereign.  United States v. Mitchell, 445 U.S. 535, 538 (1980).  Although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for tort claims against the United States and its agencies, its terms and requirements are strictly construed in favor of the sovereign. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010); Livera v. First Nat'l Bank, 879 F.2d 1186, 1194 (3d Cir.), cert. denied 493 U.S. 937 (1989).

       One of the FTCA's strict jurisdictional requirements is that an administrative claim specifying a claim for money damages in a sum certain be submitted prior to initiating an FTCA action. White-Squire, 592 F.3d at 457-58; Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir. 1971); 28 U.S.C. § 2675; 28 C.F.R. § 14.2.  The purpose of the sum certain requirement is to enable the head of the federal agency to determine whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle, or to properly adjudicate the claim.  See Bialowas, 443 F.2d at 1050; see also White-Squire, 592 F.3d at 459 (purpose of requiring administrative presentment is to encourage the settlement of meritorious claims).  Filing a civil action without filing a proper administrative claim with the agency does not serve the purpose of the sum certain requirement.

-4-

See Bialowas, 443 F.2d at 1050; Farr v. United States, 580 F. Supp. 1194, 1196 (E.D. Pa. 1984).

The plaintiffs have failed to demonstrate compliance with the sum certain requirement. Despite multiple requests from the FBI for the information, and notwithstanding instructions on the form itself, the plaintiffs did not specify a sum certain on their SF 95 form, which requested the "amount of claim (in dollars)" for property damage, personal injury, and the total value of the claim.[4] Instead, the plaintiffs indicated that the amounts were to be determined. Pls.' Opp., Ex. B.

The plaintiffs argue that they substantially complied with the sum certain requirement by forwarding medical records to defendant FBI and indicating the amount of the plaintiffs' total medical bills in pre-litigation correspondence. See Pls.' Opp., Ex. E ("Mr. Seldon's total medical bills are $23,063.00 and Patricia Williams' total medical bills are $20,290.00 and Ms. Williams' 2004 Hyundai Sonata was a total loss.").

The Court finds this argument unpersuasive. In Bialowas, the Third Circuit held that a partially completed claim form, even as supplemented by a verbal claim for money damages and the provision of two automobile repair estimates and an x-ray

_____

[4] The instructions for the SF 95 explicitly warn, in bold lettering, that "[f]ailure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights." See Pls.' Opp., Ex. B. The form did not always contain this warning. See Molinar v. United States, 515 F.2d 246, 249 (5th Cir. 1975).

-5-

bill for $35.00, did not fulfill the sum certain requirement under the FTCA.  443 F.2d at 1048-50.  See also Jordan v. United States, 333 F. Supp. 987, 988 (E.D. Pa. 1971), aff'd without opinion, 474 F.2d 1340 (3d Cir. 1973) (dismissing FTCA suit where the claimant failed to specify a sum certain but provided the government with supplemental medical reports and x-rays as they became available); Farr v. United States, 580 F. Supp. 1194, 1195-96 (E.D. Pa. 1984) (dismissing FTCA claim where the plaintiff did not specify a sum certain but attached two bills from doctors for services rendered).  Furthermore, a claimant's ongoing medical treatment does not exempt him from the jurisdictional obligation to present a claim for a sum certain to the appropriate agency.  White-Squire, 592 F.3d at 458-59 (noting that the claimant could have asked the doctor to estimate the cost of future procedures).

Bialowas does leave open the possibility that information could be supplied to meet the sum certain requirement even if an actual number is not provided outright.  443 F.2d at 1049.  Nevertheless, the plaintiffs in this case do not fall within the Bialowas exception.  As a preliminary matter, the plaintiffs failed to provide any sum certain with respect to their claim for property damage, for which they merely indicated that "Ms. Williams' 2004 Hyundai Sonata was a total loss" without further explication.

Although the plaintiffs did not raise the argument, the Court considered the possibility that property damage and personal injury claims could be severable, allowing one claim to go forward despite a jurisdictional defect in the other.  The Third Circuit does not appear to have addressed the issue, but other courts have done so.

In Kokaras v. United States, the First Circuit explained that "[i]t does not necessarily follow . . . that the extinguishment of the personal injury claims also erases the property damage claim."  980 F.2d 20, 23 (1st Cir. 1992).  In that case, the plaintiff failed to specify a sum certain as to his personal injury claim, but did indicate a specific sum for property damage.  The Kokaras court held that the plaintiffs' property damage claim was severable and that the plaintiffs satisfactorily presented a sum certain with respect to their property damage claim.  Id.  The First Circuit reasoned that the government had the information it needed to assess the plaintiff's property damage claim, and concluded that to dismiss the "certain and unwavering claim for property damages would be indulging . . . bureaucratic overkill."  Kokaras, 980 F.2d at 23 (internal quotation marks omitted).  See also Schwartzman v. Carmen, 995 F. Supp. 574, 576 (E.D. Pa. 1998) (permitting property damage claim to go forward despite failure to specify sum certain for personal injury claim); but see Robinson v. U.S. Navy, 342 F. Supp. 381, 383 (E.D. Pa. 1972) ("[T]he requirement

-7-

that a definite amount be stated must be applied to the claim as a whole, and not merely to a part of it.").

The Court need not decide whether <u>Kokaras</u> is correct here, because even if personal injury and property claims are severable in the FTCA context, the plaintiffs did not give a sum certain for their personal injury claim.  In <u>Kokaras</u>, the plaintiffs provided a specific number in the box entitled "Property Damage" on the SF 95.  In this case, at best, the plaintiffs stated a sum certain with respect to a claim for medical expenses.[5]

Each plaintiff's medical expenses claim in this case is under $25,000.  The plaintiffs did not specify any amount for pain and suffering, future medical expenses, or any of the other personal injury damages that they later asserted in their complaint.  Nor did they indicate that they intended to seek only past medical expenses as their personal injury claim.  As a result, the agency was left unable to determine whether the plaintiffs' claims could be settled without attorney general involvement under 28 U.S.C. § 2672.  In other words, the plaintiffs failed to fulfill the jurisdictional sum certain requirement even with respect to their personal injury claim.

---

[5] The Court notes that with respect to the claim of plaintiff Williams, it is not entirely clear whether the amount that counsel later stated as her "total medical bills" accounts for the $5,000 that she says her insurance company paid as part of her medical coverage.  <u>See</u> Pls.' Opp., Ex. B, Williams' SF-95 Form.

Because the statute of limitations for presentation of a claim to the agency has run,[6] the Court dismisses the plaintiffs' claims against the FBI with prejudice for lack of subject-matter jurisdiction.  Only the plaintiff's claims against defendant Robert Gibbs remain.  However, because no basis for federal subject-matter jurisdiction over the negligence claims against Gibbs is apparent from the face of the complaint, the Court remands the case to state court <u>sua sponte</u>.  The Court declines to make an award of costs and fees under 28 U.S.C. § 1447(c).

An appropriate order follows separately.

---

[6] The claim must be presented to the agency within two years after it accrues.  <u>White-Squire</u>, 592 F.3d at 456 n.3; 28 U.S.C. § 2401(b).